IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LESHAWN WASHINGTON, | § | |
| | § | |
| Defendant Below, | § | No. 547, 2014 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 110121242 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 2, 2015
Decided: February 24, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 24th day of February 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On October 31, 2011, after a five day trial, a Superior Court jury found the appellant, LeShawn Washington, guilty of four counts of Assault in the First Degree, two counts of Assault in the Second Degree, twelve counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and six counts of Reckless Endangering in the First Degree. These convictions arose from a shooting at First State Lanes. Washington was sentenced to more than eighty

years of Level V incarceration, suspended after fifty-six years. On appeal, this Court affirmed the judgment of the Superior Court.[1]

(2) On March 12, 2014, Washington, with the assistance of counsel ("Postconviction Counsel"), filed his first motion for postconviction relief. Washington raised five ineffective assistance of counsel claims and alleged that: (i) his trial counsel only met with him twice before trial and failed to advise him of the nature and extent of the evidence against him; (ii) his trial counsel was unaware of much of the evidence, wrongly informed him there was no video surveillance evidence, and received a damaging statement from one of the State's key witnesses, Anthony Stanley, shortly before trial; (iii) his trial counsel failed to provide him with the discovery produced by the State, preventing Washington from providing information to assist his trial counsel with cross-examination or identification of possible witnesses; (iv) his trial counsel failed to object to the State providing certain discovery less than two weeks before trial, including an interview of a jailhouse informant who testified on behalf of the State at trial, or request a continuance; and (v) his trial counsel inadequately disclosed and discussed the State's plea offers with him.

(3) At the direction of the Superior Court, Washington's trial counsel filed an affidavit in response to the ineffective assistance of counsel claims and the

---

[1] *Washington v. State*, 2013 WL 961561 (Del. Mar. 12, 2013).

State filed a response to the postconviction motion. In an opinion and order dated August 28, 2014, the Superior Court denied Washington's first motion for postconviction relief. The Superior Court concluded that Washington's ineffective assistance of counsel claims were not procedurally barred under Superior Court Criminal 61(i), but that Washington had failed to establish his trial counsel was ineffective under *Strickland v. Washington*.[2] This appeal followed.

(4) On appeal, Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel informed Washington of the provisions of Rule 26(c) and provided Washington with a copy of the motion to withdraw and the accompanying brief. Postconviction Counsel also informed Washington of his right to identify any points he wished this Court to consider on appeal and Washington submitted an opening brief and appendix. The State has responded to Washington's brief and asked this Court to affirm the Superior Court's judgment.

(5) Washington's arguments on appeal may be summarized as follows: (i) his trial counsel was ineffective because he failed to object to late discovery produced by the State or seek a continuance and was unfamiliar with the evidence;

---

[2] 466 U.S. 668 (1984).

(ii) his trial counsel was ineffective because he failed to call or subpoena Washington's mother and two other individuals as witnesses to impeach a State witness; (iii) his trial counsel was ineffective because his failure to show Washington video surveillance of the crime before trial led to Washington declining the State's plea offer; and (iv) he was entitled to an evidentiary hearing in the Superior Court so his trial counsel could be questioned as to why he did not object to late discovery produced by the State or seek a continuance. To the extent Washington raised additional issues in the postconviction motion he filed in the Superior Court, his failure to raise those claims in his opening brief constitutes a waiver of those claims on appeal.[3]

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4] This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[5] When

---

[3] *Walker v. State*, 2014 WL 7010825, at *1 n.1 (Del. Dec. 4, 2014); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

4

reviewing the Superior Court's denial of a motion for postconviction relief, this Court must first consider the procedural requirements of Superior Court Criminal Rule 61 ("Rule 61") before addressing any substantive issues.[6] We agree with the Superior Court that the procedural bars of Rule 61(i) did not bar Washington's timely claims of ineffective assistance of counsel.

(7)     To prevail on an ineffective assistance of counsel claim, a defendant must establish that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the outcome of his trial would have been different.[7] Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[8] Washington first contends that his trial counsel was ineffective because he failed to object to late discovery produced by the State or seek a continuance and as a result was unfamiliar with the evidence against Washington. According to Washington, the late disclosure of witness Ryan Geary, an inmate who testified that Washington told him that he was involved in the First State Lanes shooting, deprived his counsel of time to gather impeachment evidence and prepare an effective cross-examination. Washington raises the same

---

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] *Strickland*, 466 U.S. at 687-88.

[8] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

claim with respect to witness JoeQwell Coverdale, who testified that Washington was at First State Lanes the night of the shooting and that Washington said he thought he hit one of the victims.

(8) Based on its review of trial counsel's affidavit and the record, the Superior Court rejected Washington's claims that his trial counsel was unfamiliar with the evidence against Washington or ineffective in his handling of Geary. The Superior Court noted that Washington's trial counsel represented in his affidavit that he was fully aware of the State's evidence against Washington and concluded that there was no indication in the record that trial counsel was unaware of any of the evidence provided by the State. The Superior Court also found that the cross-examination of Geary reflected appropriate strategy by trial counsel and that Washington had failed to overcome the strong presumption of professionally reasonable representation by counsel. We agree with the analysis and conclusion of the Superior Court. Washington's ineffective assistance of counsel claims relating to his trial counsel's familiarity with the evidence and handling of Ryan Geary are therefore without merit.

(9) As to Washington's ineffective assistance of counsel claim regarding Coverdale, this claim was not raised his motion for postconviction relief. Washington points to an unnotarized affidavit filed with the Superior Court on January 7, 2013 in which Coverdale purportedly retracted his trial testimony, but

6

this affidavit was not referenced or included in Washington's first postconviction motion.[9] The postconviction motion also did not include Washington's claim that his trial counsel was ineffective because he failed to call or subpoena his mother and two other individuals as witnesses, despite Washington's requests, in order to attack Coverdale's testimony. Washington included an affidavit of his mother dated December 1, 2014 in the appendix accompanying his opening brief, but this affidavit was not included with his postconviction motion. We will not consider these claims for the first time on appeal.[10]

(10) Washington next contends that his trial counsel was ineffective because his failure to show Washington video surveillance of the crime before trial led to Washington declining the State's plea offer. Like the previous claims, this claim was not raised in Washington's postconviction motion and we will not consider it for the first time on appeal.[11]

(11) Finally, Washington's claim that he was entitled to an evidentiary hearing in the Superior Court is without merit. It was within the Superior Court's

---

[9] The trial record reflects that Coverdale testified that he received threats in prison before testifying and that Washington had made a shooting gesture at him on the morning of his testimony.

[10] Supr. Ct. R. 8.

[11] *Id.*

discretion to decide his postconviction motion without an evidentiary hearing.[12] The Superior Court did not err in deciding Washington's motion for postconviction relief without an evidentiary hearing.

(12) This Court has reviewed the record carefully and has concluded that Washington's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Postconviction Counsel has made a conscientious effort to examine the record and the law and has properly determined that Washington could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[12] Super. Ct. Crim. R. 61(h)(1) ("After considering the motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable."); *Gatz v. State*, 2013 WL 5656208, at *1 (Del. Oct. 15, 2013) ("Rule 61 does not mandate the scheduling of an evidentiary hearing in every case, but, rather, leaves it to the Superior Court to determine whether an evidentiary hearing is needed.").

8